**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**ANA KARINA ARMAO PINA**,

      Petitioner,

      v.                               Case No. 2:26-cv-02836-BCL-tmp

**CHRISTOPHER BULLOCK**,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS
CORPUS TO THE EXTENT OF REQUIRING BOND HEARING**

---

Petitioner Ana Karina Armao Pina filed a Petition for Writ of Habeas Corpus in which she challenged her detention without a bond hearing pending removal proceedings. Doc. 1 Respondent advised that *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) controls and while it is seeking further appellate review of that decision, the Court should order that Petitioner be provided a custody redetermination hearing within ten days or be released if that does not occur. Doc. 8. Petitioner replies that she should be released without conditions. Doc. 9.

In light of the Sixth Circuit decision in *Lopez-Campos* and the Respondent's agreement it requires a custody redetermination hearing in this case, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within **ten** days of the date of this order or, in the alternative, release him from custody. The Court grants this relief for two reasons. First, Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 175 F.4th at 713, 735 ("[O]ur

1

understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process.").  Petitioner has offered no persuasive justification for allowing her to obtain through the remedy of habeas something more than that to which she is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make her case for release at a bond hearing. *Second*, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced.  *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). While Petitioner raises the possibility that the immigration court might decline to apply or misapply *Lopez-Campos*, that seems highly unlikely in light of Respondent's agreement that it controls here and now this Court's Order requiring a bond hearing consistent with *Lopez-Campos*.  And, in any event, mere fear that the administrative authorities will object the petitioner's argument does not suffice to excuse exhaustion. *See Smith*, 178 F.4th at 325.

## CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus is **GRANTED** to the extent that the Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten days** of the date of this order or, in the alternative, release from custody.

**IT IS SO ORDERED**, this 23rd day of July, 2026.


s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE